IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARY PATILLO,**

        **Plaintiff,**

                          CIVIL ACTION

**v.**

                          No: 09-2545-JWL-DJW

**LARNED STATE HOSPITAL,**

        **Defendant.**

## MEMORANDUM AND ORDER

This is an employment discrimination action alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d). Pending before the Court is Plaintiff's Motion to Appoint Counsel (doc. 4).

The district court may, in its discretion, appoint counsel for a plaintiff in an employment discrimination action.[1] The discretion granted to the court is extremely broad.[2] A plaintiff has no constitutional or statutory right to appointed counsel in a federal civil case.[3]

To guide the court's discretion, the Tenth Circuit has identified several factors to be considered when evaluating a motion for appointment of counsel in an employment discrimination

---

[1] *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). *See also* 42 U.S.C.§ 2000e-5(f).

[2] *Castner,* 979 F.2d at 1420.

[3] *Id.*

case.[4]  Before counsel may be appointed, the plaintiff "must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5]  In addition, "the plaintiff's capacity to present the case without counsel . . . should be considered in close cases as an aid in exercising discretion."[6]

The Court has reviewed Plaintiff's Application for Appointment of Counsel under these standards.  Based on the Court's review of the Complaint and the investigative file of the Kansas Human Rights Commission,[7] the Court finds Plaintiff's claims do not have sufficient merit to warrant the appointment of counsel.  Accordingly, the Court will deny Plaintiff's request for counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (doc. 3) is denied.

Dated in Kansas City, Kansas on this 19th day of November 2009.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge


cc:   All counsel and pro se parties

---

[4]*See id.* at 1420-21.

[5]*Id.* at 1421.

[6]*Id.*

[7]Pursuant to the Court's Order of October 27, 2009 (doc. 7), the Kansas Human Rights Commission provided its file to the Court.  The Court received that file on November 6, 2009.