**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

Mary Patillo,

        Plaintiff,

v.                                                       Case No. 09-2545-JWL

Larned State Hospital,

        Defendant.

## MEMORANDUM & ORDER

Plaintiff Mary Patillo filed a pro se form complaint against Larned State Hospital alleging various claims under the federal anti-discrimination statutes. This matter is presently before the court on defendant's motion to dismiss all claims (doc. 11). As will be explained, the motion is granted in part and denied in part.

Plaintiff's pro se complaint includes claims asserted under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. Defendant moves to dismiss these claims on the grounds that defendant, as an agency of the state, is immune from those claims under the Eleventh Amendment. The court agrees. Under established Supreme Court precedent, the Eleventh Amendment bars both ADEA and ADA claims against states. *See Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356, 360 (2001); *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91-92 (2000). Eleventh Amendment immunity, of course, extends to state agencies. *Ross .v Board of Regents of the Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010). Larned State Hospital is a state agency and, thus, is immune from plaintiff's ADA and ADEA claims. *See Boatright v.*

*Larned State Hospital*, 2007 WL 2903162, at *1 (D. Kan. Sept. 11, 2007) (concluding that Larned State Hospital is immune from suit under Eleventh Amendment); *Scothorn v. Kansas*, 772 F. Supp. 556, 559 (D. Kan.1991) (same). These claims are dismissed.

Plaintiff also asserts in her pro se complaint a claim under the Equal Pay Act based on her race, age and/or disability. While her complaint does not contain any factual allegations relating to this claim, her briefing to the court reveals that the claim is based on defendant's placement of a classified advertisement in the local newspaper indicating that it was seeking to hire new employees for the same position occupied by plaintiff at a starting hourly wage that was higher than plaintiff's hourly wage despite the fact that plaintiff would obviously have seniority over any newly hired employees. Because these facts, even if true, fail to state a claim under the Equal Pay Act, the claim is dismissed. The Equal Pay Act concerns only discrimination based on sex or gender, not race, age or disability. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). Plaintiff's allegation that defendant sought to hire new employees at a higher rate of pay than plaintiff's rate of pay does not reflect a sex-based wage disparity in the absence of an allegation that newly hired male employees (or any male employee, for that matter) were paid a higher hourly rate than plaintiff. Plaintiff alleges only that defendant offered to pay prospective employees, regardless of sex, a higher hourly rate than plaintiff. Because these facts do not state a claim for relief under the Equal Pay Act, the claim is dismissed.

The foregoing analysis leaves only plaintiff's Title VII claims for consideration. Defendant moves to dismiss plaintiff's Title VII claims on the grounds that plaintiff has not satisfied the pleading standards set forth by the Supreme Court in *Bell Atlantic Corporation v.*

*Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009).[1] The court rejects this argument at this juncture, particularly as plaintiff has recently filed a motion for leave to file an amended complaint for the express purpose of including "additional facts" pertinent to her claims. Because the court, in the first instance, would have provided plaintiff an opportunity to amend her complaint to cure any pleading deficiencies, the court will grant plaintiff's motion and will resolve any *Twombly/Iqbal* challenge through the lens of plaintiff's amended complaint if that challenge is reasserted by defendant in response to the amended complaint.[2] Plaintiff, then, shall file her amended complaint no later than **Monday, July 26, 2010** and she is cautioned that her amended complaint must include addresses and any other identifying information sufficient to permit the United States Marshal to effect service on these

---

[1] Defendant also asserts that dismissal of any and all claims is warranted because defendant was not properly served with the complaint. According to defendant, it was served by certified mail at its address when the relevant state statute requires service on the Attorney General's office. The court rejects this argument. First, service in this case was executed by the United States Marshal Service and plaintiff is entitled to rely on that service as she is proceeding in forma pauperis. *See* Fed. R. Civ. P. 4(c)(3). In such circumstances, insufficient service is not the responsibility of the plaintiff and, absent a showing that she provided insufficient information, she will not be penalized with dismissal of her claims. *See West-Anderson v. Choicepoint Servs., Inc.*, 2002 WL 169416, at *2 (D. Kan. Jan. 28, 2002). Second, defendant has not shown that service was improper. Federal Rule of Civil Procedure permits service on a state agency in one of two ways–by delivering a copy of the summons and complaint to the agency's chief executive officer or by delivering a copy of the summons and complaint in the manner prescribed by that state's law. *See* Fed. R. Civ. P. 4(j)(2). While defendant asserts that plaintiff did not serve the attorney general, defendant does not indicate whether service was made on the chief executive officer of the agency. This aspect of the motion, then, is denied.

[2] Similarly, as an amended complaint may shed additional light on the timing of specific events, defendant, if appropriate, should reassert its argument that some portion of plaintiff's Title VII claims may be barred by the applicable statute of limitations.

additional parties. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (it is the responsibility of a plaintiff proceeding pro se and in forma pauperis to provide proper addresses for service).[3]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss plaintiff's complaint (doc. 11) is granted in part and denied in part. It is denied with respect to plaintiff's Title VII claims and is otherwise granted. Plaintiff's motion for leave to file an amended complaint (doc. 35) is granted and plaintiff shall file her amended complaint no later than **Monday, July 26, 2010**.

**IT IS FURTHER ORDERED BY THE COURT THAT** the clerk of the court, upon the filing of plaintiff's amended complaint, shall issue summonses for each defendant named in the amended complaint and the United States Marshal Service shall effect service on those defendants to the extent permitted by the information provided by plaintiff in the amended complaint.

**IT IS SO ORDERED.**

---

[3]Typically, the court would simply direct the clerk of the court to file the amended complaint attached to plaintiff's motion for leave. That proposed complaint, however, purports to name 13 new parties as defendants in this case without providing any addresses for these parties. Because the court presumes that plaintiff intends to rely on the United States Marshal Service to serve her amended complaint on these defendants, plaintiff must file an amended complaint that contains proper addresses for these defendants.

Dated this 7th day of July, 2010, at Kansas City, Kansas.

                                                      s/ John W. Lungstrum  
                                                      John W. Lungstrum  
                                                      United States District Judge