DJW/1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARY PATILLO,**

    **Plaintiff,**

                 CIVIL ACTION

v.

                 No: 09-2545-EFM-DJW

**LARNED STATE HOSPITAL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

This is a civil rights case in which Plaintiff alleges that Defendants "violated her constitutional rights through a campaign of continuing unlawful employment practices and race discrimination."[1] Pending before the Court is a Motion to Stay (doc. 61) filed by the Kansas Human Rights Commission ("KHRC"). KHRC seeks to stay all discovery and other Rule 26 pretrial proceedings, including the parties' Rule 26(f) planning conference, scheduling conference, mediation and Rule 26 disclosures, until such time as the Court has ruled on KHRC's pending Motion to Dismiss (doc. 59).

KHRC asserts that a stay is necessary because the claims against KHRC are likely to be resolved by its pending Motion to Dismiss, the facts available through uncompleted discovery would not affect the resolution of the Motion to Dismiss, and discovery on all issues raised in Plaintiff's Amended Complaint would be wasteful and burdensome. KHRC also argues that the case must be

---

[1] Am. Compl. (doc. 38) ¶ 1.

stayed because KHRC asserts in its Motion to Dismiss that Plaintiff's civil rights claims against it are barred by Eleventh Amendment immunity.

None of the other Defendants has filed a response or opposition to the Motion to Stay. Plaintiff, who is proceeding *pro se*, opposes the motion. In her opposition brief, Plaintiff asserts various arguments as to why KHRC's pending Motion to Dismiss should be denied. She also discusses the various ways in which KHRC and the other Defendants allegedly violated her constitutional rights. She does not make any arguments directed to the merits of KHRC's request for a stay, however.

It is well settled that the decision to stay discovery and other pretrial proceedings is firmly vested in the sound discretion of the trial court.[2] As a general rule, this Court does not favor staying pretrial proceedings even though dispositive motions are pending.[3] The Court, however, makes an exception to this rule when the party requesting the stay has filed a dispositive motion asserting absolute or qualified immunity.[4]

In its Memorandum in Support of its Motion to Dismiss, KHRC asserts that Plaintiff's claims under 42 U.S.C. § 1983 and related statutes against KHRC are barred by Eleventh Amendment

---

[2]*Yeahquo v. City of Lawrence*, No. 07-4097-RDR, 2007 WL 3046538, at *1 (D. Kan. Oct. 17, 2007); *Gonzalez v. Pepsico, Inc*., No. 06-2163-KHV, 2007 WL 1100204, at *1 (D. Kan. Apr. 11, 2007).

[3]*Yeahquo,* at *1; *Gonzalez,* 2007 WL 1100204, at *1; *Wolf v. U.S.*, 157 F.R.D. 494, 495 (D. Kan. 1994).

[4]*Alpine Atl. Asset Mgmt. AG v. Comstock*, No. 07-2595-JWL-DJW, 2008 WL 618627, at *1 (D. Kan. Mar. 3, 2008) (citations omitted); *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist*. No. 202, No. 05-2522-CM-DJW, 2006 WL 681124, at *1 (D. Kan. Mar. 14, 2006) (citations omitted)".

immunity.[5] Eleventh Amendment immunity provides absolute immunity from suit.[6] The Supreme Court has held that "[o]ne of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[7] Because immunity is an immunity from suit and not a mere defense to liability, "the immunity is effectively lost if a case is erroneously permitted to proceed to trial."[8]

In this case, KHRC has asserted Eleventh Amendment as a basis for dismissing a substantial number, if not all, of Plaintiff's claims against it. The Court therefore holds that a stay as to KHRC is warranted.[9] Furthermore, the Court finds that a stay would strike a proper balance between conserving resources and providing Plaintiff access to the courts.

The Court notes that Defendants Kansas Department of Social and Rehabilitation Services and Transitional House Services have also filed a Motion to Dismiss (doc. 63) in which they assert that Plaintiff's claims against them for constitutional violations brought under 42 U.S.C. § 1983 and

---

[5]*See* Mem. in Support of Mot. to Dismiss (doc. 60) at 5.

[6]*Mink v. Suthers*, 482 F.3d 1244,1258 (10th Cir. 2007) (prosecutorial immunity is absolute, i.e., "a complete bar to a suit for damages under 42 U.S.C. § 1983") (citing *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976)); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (absent unmistakable waiver by the state of its Eleventh Amendment immunity or an unmistakable abrogation of immunity by Congress, the eleventh amendment provides absolute immunity from suit in federal court) (citation omitted).

[7]*See Siegert v. Gilley*, 500 U.S. 226, 232 (1991).

[8]*Id.* (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)).

[9]*See Goin v. Kan.*, No. 06-2165-KHV-DJW, 2007 WL 60939, at *1 (D. Kan. Jan. 8, 2007); (granting motion to stay pending ruling on motion to dismiss asserting Eleventh Amendment immunity); *Parks v. State*, No. 06-2155-KHV-DJW, 2006 WL 2331162, at *1 (D. Kan. Aug. 10, 2006) (same); *Howse v. Atkinson,* No. 04-2341-GTV-DJW, 2005 WL 994572, at *2 (D. Kan., April 27, 2005) (granting motion to stay pending ruling on motion to dismiss asserting Eleventh Amendment immunity and qualified immunity).

related statutes are barred by Eleventh Amendment immunity.[10] The Court therefore finds that these two additional Defendants are entitled to a stay pending a ruling on their Motion to Dismiss.

To prevent the case from going forward in a piecemeal fashion against the remaining Defendants, the Court finds that a stay as to the other Defendants is also warranted. The Federal Rules of Civil Procedure give the Court considerable discretion to manage the discovery process in a way that promotes the "just, speedy, and inexpensive determination of every action."[11] The Court believes that it would be in the interest of judicial economy to stay all discovery and other Rule 26 pretrial proceedings as to all Defendants.

In light of the foregoing, the Court grants KHRC's Motion to Stay. All discovery and Rule 26 pretrial proceedings, including the parties' Rule 26(f) planning conference, scheduling conference, mediation and Rule 26 disclosures, are hereby stayed as to all parties until the Court has ruled on the pending Motions to Dismiss (doc. 59 and 63).

**IT IS THEREFORE ORDERED** that the Kansas Human Rights Commission's Motion to Stay (doc. 61) is granted as set forth above.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 17th day of September, 2010.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc: All counsel and pro se parties

---

[10] *See* Mot. to Dismiss by SRS Defs. (doc. 63) and Supporting Mem. (doc. 64) at 10.

[11] *See* Fed. R. Civ. P. 1.