# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARY PATILLO,

    *Plaintiff,*

vs.

LARNED STATE HOSPITAL, *et al.*,

    *Defendants.*

Case No. 09-2545-EFM

## MEMORANDUM AND ORDER

Presently before the court is defendant Kansas Human Rights Commission's motion to dismiss (Doc. 59) and a joint motion to dismiss party defendants John Badger, Kerri Barnard, Shari Campbell, Stacey Clark-Paige, Department of Social and Rehabilitative Services (SRS), Adele Dunn, Donald Jordon, Mark Schutter, and Transitional House Services (the SRS Defendants) (Doc. 63). For the following reasons, the court grants both motions.

### I. Background

Plaintiff Mary Patillo initially filed a *pro se* complaint against Larned State Hospital (LSH) on October 21, 2009. Defendant LSH filed a motion to dismiss on January 6, 2010, which this court granted in part and denied in part, while giving Plaintiff leave to file an amended complaint regarding her Title VII claims.

Plaintiff filed that *pro se* amended complaint, alleging various claims under the federal anti-discrimination statutes. Plaintiff's amended complaint is difficult to understand. Her complaints seems to arise from her employment with the state of Kansas at the Transition House Services. Plaintiff has primarily sued SRS, its subdivisions, officers and employees for various things arising from her employment at SRS. Nearly nine months after filing her initial complaint, she named additional defendants for the first time. Plaintiff claims the defendants "violated her constitutional rights through a campaign of continuing unlawful employment practices and patterns, [and] race discrimination . . . ."[1] Her action is apparently primarily one for employment discrimination under the "Kansas Act Against Discrimination, Title VII of the Civil Rights Act of 1964, [42 U.S.C.] Sec. 1981, 1983, 1985(1) and (2), 1985(3), 1986 . . . and the Fair Labor Standards Act". Several defendants now move for a motion to dismiss.[2]

## II. Standards

**Rule 12(b)(1) Standard**

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[3] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' "[4] Plaintiff is

---

[1] Amended Complaint (Doc. 38) ¶ 1.

[2] Defendants Shelly Blann and Joyce Hammond-Perry have not been served yet (Docs 48 & 49) and thus have not filed a motion to dismiss.

[3] 28 U.S.C. § 1331.

[4] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[5] Mere allegations of jurisdiction are not enough.[6]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[7] The law imposes a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.[8]

**Rule 12(b)(6) Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[9] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[10] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[11]

---

[5] *United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[6] *Id.* at 798.

[7] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

[8] *See, e.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[9] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[11] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[12] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[13] Allegations that merely state legal conclusions, however, need not be accepted as true.[14]

**Rule 12(c) Standard**

The distinction between Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 12(b)(6) is one without difference, as the standards under the two provisions are the same.[15] Thus, to survive a motion to dismiss made under Rule 12(c), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[16] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[17]

**Pro Se Standard**

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[18] However, "it is not the proper function of the

---

[12] *Iqbal*, 129 S. Ct. at 1950.

[13] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[14] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003); *Cont'l Coal, Inc.*, 511 F. Supp. at 1070.

[16] *Twombly*, 550 U.S. at 555.

[17] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

[18] *Hall*, 935 F.2d at 1110.

district court to assume the role of advocate for the pro se litigant."[19] "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[20]

### III. ANALYSIS

**1. Immunity**

The KHRC and the SRS defendants argue that Plaintiff's claims under 42 U.S.C. § 1983 and any related statutes are precluded by the Eleventh Amendment. This court agrees. The Eleventh Amendment bars private parties from suing an unconsenting state in federal court unless Congress has unequivocally abrogated the state's constitutional sovereign immunity or unless the state has waived the immunity.[21] Eleventh Amendment immunity extends to state agencies.[22] KHRC and SRS are state agencies and thus immune from plaintiff's claims.[23] Likewise, the Supreme Court has made it clear that the KHRC, SRS, and the Transitional House Services are not a person for purposes of 42 U.S.C. § 1983 liability.[24] Accordingly, all of Plaintiff's claims pursuant to § 1983 liability are dismissed.

---

[19] *Id.*

[20] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[21] *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40 (1985); *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000).

[22] *Ross v. Bd. of Regents of the Univ. of New Mexico*, 599 F.3d 1114, 1117 (10th Cir. 2010).

[23] *See Smith v. Kansas*, 574 F. Supp. 2d 1217, 1220 (D. Kan. 2008) (dismissing complaint against KHRC due to Eleventh Amendment immunity).

[24] *See Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) (section 1983 does not authorize suits against states) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71) (1989)); *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168 (10th Cir. 2000).

**2. Personal Participation**

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."[25] The doctrine of respondeat superior does not apply, so a litigant may not obtain relief from an official based solely on his or her capacity as a supervisor or right to control employees.[26] Rather, "the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."[27]

Plaintiff lists several defendants individually in the caption of her amended complaint. In the body of her amended complaint, however, she alleges no facts showing any of the named defendant's personal participation in the alleged violation of her constitutional rights. Rather, Plaintiff generally complains about a variety of perceived injustices at her job. Accordingly, plaintiff's claims against the named defendants are dismissed for failure to allege facts showing personal participation.

**3. Employment Discrimination and Wage and Hour Claims**

Title VII and Fair Labor Standards Act only apply to the employment relationship.[28] Similarly, the Kansas Act Against Discrimination's prohibitions on discrimination in employment only apply to the employer/employee relationship. The KHRC and the individual defendants were never Plaintiff's employer. As such, any of Plaintiff's claims that can be

---

[25] *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997).

[26] *Se Worrell v. Henry*, 219 F.3d 1197, 1214 (10th Cir. 2000).

[27] *Fogarty v. Gallegos*, 523 F.3d 1147, 1527 (10th Cir. 2008).

[28] *See* 42 U.S.C. § 2000e-2(a)(1), 29 U.S.C. § 203 (d) & (e); *Bartell v. U.S. Equal Emp't Opportunity Comm'n*, 2002 WL 31958717 (W.D.N.C. March 29, 2002) (finding Title VII did not grant federal court jurisdiction to hear a "claim against the EEOC in its capacity as an enforcement agency").

construed as raising allegations of discrimination and improper wage payment against the KHRC and the individual defendants are dismissed.[29]

**4. The KHRC's No Cause Finding**

The KHRC argues that Plaintiff's complaint that the KHRC returned unfavorable answers to her complaints of employment discrimination must be dismissed because it can be construed as an attempt to collaterally attack the KHRC's no cause determinations on her complaints of discrimination. This court agrees. It is well-established that a KHRC no-cause determination is not subject to judicial review.[30] Rather, a complainant who is dissatisfied with a KHRC no-cause finding has a right to bring a direct action against his or her employer under the KAAD.[31] Indeed, Plaintiff has done just that by brining a direct action against her employer, SRS. As such, Plaintiff's claim against KHRC must be dismissed.

**5. The KHRC's Investigation**

Plaintiff also appears to allege that the KHRC failed to stop the employment discrimination she allegedly faced and further appears to collaterally attack the settlement agreement she entered with SRS and the KHRC. As with the challenge to the no-cause finding discussed above, these claims must fail.

---

[29] *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n. 9 (10th Cir. 2007) ("Under long-standing [Tenth] Circuit precedent, supervisors and other employees may not be held personally liable under Title VII.").

[30] *Bush v. City of Wichita*, 576 P.3d 1071, 1078 (Kan. 1978) (rejecting a complainant's attempt to appeal the then-Kansas Commission on Civil Rights no cause determination).

[31] *Van Scoyk v. St. Mary's Assumption Parochial Sch.*, 224 Kan. 304 (1978).

It is well established that a state agency, such as the KHRC is not liable when parties are dissatisfied with either the nature of the investigation or the outcome of that investigation.[32] Indeed, it was the KHRC's handling and investigation of her complaint and the subsequent exhaustion of the administrative process that provided Plaintiff the right to bring an action against her employer. It would be rather odd that the very investigative activity and resolutions that perfected Plaintiff's right to bring suit against her employer for employment discrimination would also somehow constitute a violation of some unnamed and unexplained right.

Second, to the extend that Plaintiff believes that the settlement agreement has been breached, her appropriate remedy would be to request the KHRC to bring suit to enforce the agreement or to bring her own action for breach of contract in state court. Plaintiff has done neither, and instead seems to allege that the KHRC has violated some unnamed legal principal in failing to enforce the settlement agreement. Nothing in any of the various statutes or causes of action cited by Plaintiff would allow a federal claim or jurisdiction over such a state law claim against the KHRC.

Finally, to the extent that Plaintiff refers to other causes of action, she has failed to explain how any of her claims apply to the facts she has alleged. Further, Plaintiffs claim that the KHRC is liable for its alleged failure to "make the terrible abuse stop" must fail because

---

[32] *See Nuno v. Campbell*, 5 F.3d 538 (9th Cir. 1993)(upholding dismissal of lawsuit against EEOC investigator for alleged failure to conduct a proper investigation); *Cortez v. Wright*, No. 06-1198, 2008 WL 4104133 (D.N.M. April 29, 2008)(granting summary judgment on claims against EEOC investigator by dissatisfied complainant); *Medina v. District of Columbia*, 517 F. Supp. 2d 272 (D.D.C. 2007)(finding no due process violations under Section 1983 based on allegation that District of Columbia agencies failed to follow District of Columbia law in the investigation of complainant's discrimination charges); *Bartell v. U.S. EEOC.*, No. 00-453, 2002 WL 31958717 (W.D. N. Carolina March 29, 2002) (dismissing negligence and discrimination claims filed by dissatisfied complainants against EEOC for lack of subject matter jurisdiction); *Stewart v. EEOC*, No. 75-4069, 1978 WL 92 (N.D. Ill. June 21, 1978)(dismissing claims due process and other claims filed by dissatisfied complainant against EEOC).

courts have generally rejected arguments that the Constitution imposes affirmative obligations on the government to assist its citizens.[33]

## 6. Exhaustion of Administrative Remedies

A plaintiff must exhaust her administrative remedies before pursuing a Title VII claim in federal court.[34] In the Tenth Circuit, failure to exhaust administrative remedies is a jurisdictional bar to filing suit in federal court.[35] Here, Plaintiff's amended complaint does not demonstrated that she has exhausted her administrative remedies. Accordingly, her Title VII claims must be dismissed for failure to exhaust her administrative remedies.

## 7. The Un-Served Defendants

Two defendants, Shelly Blann and Joyce Hammond-Perry, did not submit motions to dismiss because they were not served.[36] Pursuant to Rule 4(m), a defendant must be served within 120 days after the complaint is filed. Here, the amended complaint was filed on July 14, 2010. Almost one year later, these two defendants have not been served. As such, the case is dismissed *sua sponte*, without prejudice, against these two defendants.

## IV. CONCLUSION

In conclusion, The Tenth Circuit has noted that a sua sponte dismissal "is not reversible error when it is patently obvious that the plaintiff could not prevail on the facts alleged, and

---

[33] *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189 (1989) (finding the state has no affirmative constitutional duty to protect individuals from harm absence a special relationship); *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 766 (2005) (finding no liability for town's failure to enforce civil restraining order based in part on statutory grant of authority to protected person to initiate contempt proceedings against the restrained person).

[34] *Jones v. UPS, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[35] *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir. 1996).

[36] Docs 48 & 49.

allowing him an opportunity to amend his complaint would be futile."[37]  Such is the case here. As such, for the reasons stated above, all of Plaintiff's claims are dismissed in their entirety.

**IT IS THEREFORE ORDERED** that defendant Kansas Human Rights Commission's motion to dismiss (Doc. 59) and the SRS defendant's joint motion to dismiss the SRS Defendants) (Doc. 63) are hereby GRANTED.

**IT IS SO ORDERED**.

Dated this 1st day of June, 2011.

*[signature]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[37] *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991).